17 Neb.App. 828
IN RE INTEREST OF LESLIE S. ET AL., CHILDREN UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE,
v.
FRANCIS C., APPELLANT.
No. A-09-070.
Court of Appeals of Nebraska.
Filed August 4, 2009.
Susan L. Kirchmann for appellant.
Gary E. Lacey, Lancaster County Attorney, Jenna L. Venema, and Richard Grabow, senior Certified law student, for appellee.
James L. Beckmann, of Beckmann law offices, guardian ad litem.
INBODY, Chief Judge, and CARLSON and MOORE, Judges.
MOORE, Judge.

INTRODUCTION
Francis C. appeals from the decision of the separate juvenile court of Lancaster County which denied his motion to transfer this juvenile case to the Omaha Tribal Court. Because the juvenile court did not abuse its discretion in denying Francis' motion, we affirm.

BACKGROUND
Kinda S. is the natural mother of Raeanne s., Leslie S., Glory S., Crystal S., Iyn C., and Rena C. Francis is the natural father of Iyn and Rena. As Raeanne has turned 19 and is no longer under the juvenile court's jurisdiction, references throughout this opinion to "the children," unless otherwise indicated, refer to Francis and Kinda's children other than Raeanne. Francis and Kinda are both enrolled as members of the Omaha Tribe of Nebraska (the Tribe). The children are also members of the Tribe.
On July 11, 2006, the state filed a petition in the juvenile court alleging that the children, including Raeanne, came within the meaning of Neb. Rev. Stat. § 43-247(3)(a) (Reissue 2004) in that they lacked proper parental care by reason of the fault or habits of their parents or custodians, Francis and Kinda, or that the children were all in a situation dangerous to life or limb or injurious to their health or morals.
On November 27, 2006, the Tribe filed a notice of intent to transfer the case to the tribal court pursuant to the Nebraska Indian Child Welfare Act. The juvenile court heard the Tribe's motion on January 22, 2007. Based on Kinda's objection at the hearing, the juvenile court denied the motion.
Since the filing of the original juvenile petition in July 2006, several additional petitions have been filed in the juvenile court involving some of the children. First, in a case filed under § 43-247(3)(b) (Cum. Supp. 2006), Leslie has been determined to have been habitually truant from school. Leslie has been a ward of the state since April 13, 2007. As of December 11, 2008, Leslie was being held at the Lancaster County Youth services Center, staff secure, awaiting an assessment and recommendations as to what placement level was in her best interests. The Tribe has not made a request to transfer Leslie's truancy case to the tribal court. Second, the state has filed a delinquency petition involving Glory. In that case, the court has determined that Glory committed a law violation which, if committed by an adult, would be deemed a crime. Glory has been committed to the office of Juvenile services, making her a ward of the state at the agency-based foster care level. Finally, a case has been filed involving Leslie's child, who has been made a ward of the state in that case. The record before us shows that Leslie's child is not eligible for enrollment in the Tribe.
On October 2, 2008, Francis filed a motion to transfer the present juvenile case to the tribal court. On October 3, the Tribe filed a second notice of intent to transfer.
On December 11, 2008, the juvenile court heard the motion to transfer the case to the tribal court and took the motion to transfer under advisement. The record shows that sometime before the hearing, a motion was filed seeking to terminate Francis' and Kinda's parental rights. The record does not contain a copy of the termination motion or show when the termination motion was filed in relation to the filing of Francis' motion to transfer.
At the December 11, 2008, hearing, Francis testified that he sought the present transfer because he wanted his children to have a greater involvement with the Tribe. Francis read a prepared statement in which he stated, among other things, that he had wanted to transfer the case to the tribal court since the inception of the case, because he wanted to work with Native American counselors, attorneys, and judges. Francis acknowledged that he has an addiction to drugs and alcohol, but he insisted that he is taking responsibility and will continue to be responsible. Francis had not seen his children since March. He has disagreements with the caseworker assigned by the state and refuses to work with her. At the time of the hearing, Francis had pending criminal charges for assault, carrying a concealed weapon, and possession of a controlled substance. Francis acknowledged that if the case were transferred to the tribal court, he would be expected to participate in the same programs which he has failed to participate in while the case has been under the juvenile court's jurisdiction.
Kinda testified that she supported the motion to transfer and that she felt the transfer was in the children's best interests. Kinda had not seen the children since approximately March 2008, even though she was allowed visitation by the court. Kinda testified that she had objected to the previous motion to transfer because at that time, she felt that she would be reunified with her children more quickly if the case remained in the juvenile court.
The caseworker assigned to this case by the state testified that she and the children's foster parents have developed a plan to help the children become more involved with tribal culture. As part of the plan, the children and foster parents have attended functions on the reservation and have read books about the Tribe. The caseworker testified that she spoke with Leslie, Glory, and Crystal about their wishes regarding transfer of the case and that all three would like the case to be transferred to the tribal court. At the time of the hearing, Leslie and Glory were both at least 15 years old and Crystal was 12 years old.
On December 12, 2008, the juvenile court issued an order denying Francis' motion to transfer the case to the tribal court. The court found that good cause had been shown to prevent the matter from being transferred to the tribal court in that the issue had been previously litigated and overruled and that the court would continue to have jurisdiction over the separate cases involving Glory, Leslie, and Leslie's child even if the present case were transferred. The court stated that "the [T]ribe and the parents delayed nearly two years in expressing an intent to intervene after the prior effort of the [T]ribe was not successful." The court found that it was not in the children's best interests to transfer the case to the tribal court "at this advanced stage of the proceeding." Francis subsequently perfected his appeal to this court.

ASSIGNMENT OF ERROR
Francis asserts, consolidated and restated, that the juvenile court abused its discretion in denying his motion to transfer the case to the tribal court.

STANDARD OF REVIEW
[1,2] A denial of a transfer to tribal court is reviewed for an abuse of discretion. In re Interest of Lawrence H., 16 Neb. App. 246, 743 N.W.2d 91 (2007). A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrain from action, but the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition through a judicial system. Id.

ANALYSIS
Francis asserts that the juvenile court abused its discretion in denying his motion to transfer the case to the tribal court. Francis argues that good cause did not exist to deny the transfer, that the earlier request to transfer was not fully and fairly litigated, that the proceeding was not at an advanced stage, and that continued jurisdiction over part of the family after transfer to the tribal court was not an appropriate basis for the denial of his motion.
Neb. Rev. Stat. § 43-1504(2) (Reissue 2008) provides:
In any state court proceeding for the foster care placement of, or termination of parental rights to, an Indian child not domiciled or residing within the reservation of the Indian child's tribe, the court, in the absence of good cause to the contrary, shall transfer such proceeding to the jurisdiction of the tribe, absent objection by either parent, upon the petition of either parent or the Indian custodian or the Indian child's tribe, except that such transfer shall be subject to declination by the tribal court of such tribe.
See, also, 25 U.S.C. § 1911(b) (2006) (corresponding federal Indian Child Welfare Act provision regarding transfer of proceedings).
[3,4] The party opposing a transfer of jurisdiction to the tribal courts has the burden of establishing that good cause not to transfer the matter exists. In re Interest of Brittany C. et al., 13 Neb. App. 411, 693 N.W.2d 592 (2005). That a state court may take jurisdiction under the Indian Child Welfare Act does not necessarily mean that it should do so, as the court should consider the rights of the child, the rights of the tribe, and the conflict of law principles, and should balance the interests of the state and the tribe. In re Interest of Lawrence H., supra.
The federal Indian Child Welfare Act does not define "good cause," but the Bureau of Indian Affairs has published nonbinding guidelines for determining whether good cause exists. Guidelines for state Courts; Indian Child Custody proceedings, 44 Fed. Reg. 67, 584, 67, 591 (Nov. 26, 1979) (not codified), states in part:
C.3. Determination of Good Cause to the Contrary
(a) Good cause not to transfer the proceeding exists if the Indian child's tribe does not have a tribal court as defined by the [federal Indian Child Welfare] Act to which the case can be transferred.
(b) Good cause not to transfer the proceeding may exist if any of the following circumstances exists:
(i) The proceeding was at an advanced stage when the petition to transfer was received and the petitioner did not file the petition promptly after receiving notice of the hearing.
(ii) The Indian child is over twelve years of age and objects to the transfer.
(iii) The evidence necessary to decide the case could not be adequately presented in the tribal court without undue hardship to the parties or the witnesses.
(iv) The parents of a child over five years of age are not available and the child has had little or no contact with the child's tribe or members of the child's tribe.
(c) Socio-economic conditions and the perceived adequacy of tribal or Bureau of Indian Affairs social services or judicial systems may not be considered in a determination that good cause exists.
The juvenile court found good cause to deny the motion to transfer, relying on the facts that a previous motion to transfer had been denied, that the case had advanced to the stage where a motion for termination of parental rights had been filed, and that the court had jurisdiction over multiple cases involving several of the children. The court also found that the transfer would not be in the children's best interests.
Upon our de novo review, we are unable to say that the juvenile court abused its discretion in denying the motion to transfer. One of the stated circumstances set forth in the nonbinding regulations noted above is clearly present in this case; namely, the advanced stage of the proceeding. Francis did not file the motion to transfer until well after 2 years following the filing of the juvenile petition, during which time Francis did very little to participate in the case. At the time of the hearing on this motion to transfer, proceedings had begun to terminate both parents' parental rights. In addition, the fact that other cases involving some of the children were to remain in the juvenile court is essentially a forum non conveniens matter, which is a valid basis for good cause to deny transfer. See In re Interest of Brittany C. et al., 13 Neb. App. 411, 693 N.W.2d 592 (2005). We observe that because Francis is the biological father of only Iyn and Rena, he did not have standing to seek a transfer relative to Leslie, Glory, and Crystal. Neither the Tribe nor Kinda has appealed from the juvenile court's decision. Accordingly, our opinion applies only to the ruling relative to Iyn and Rena.

CONCLUSION
The juvenile court did not abuse its discretion in denying the motion to transfer.
AFFIRMED.